IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANSON CHI | § | |
| VS. | § | CIVIL ACTION NO. 1:16cv377 |
| DALLAS B. JONES, ET AL. | § | |

ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Anson Chi, an inmate formerly confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought the above-styled motion for an order to show cause for preliminary injunction and temporary restraining order.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends this action be dismissed.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court concludes plaintiff's objections are without merit. For the reasons set forth in the Report, plaintiff's claims are without merit and moot. Further, to the extent plaintiff's claims might be interpreted as asserting a potential future claim of the denial of access to the courts, plaintiff's claim is also without merit.

To prevail on a claim that his right of access to courts has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendant's actions. *See Christopher v. Harbury,* 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002); *Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). A prisoner must demonstrate actual injury, that is, the prisoner must be able to show the complained of acts "somehow defeated his ability to pursue a legal claim." *See Turner v. Epps*, 460 F. App'x 323, 328 (5th Cir. 2012). "[F]rivolous filings cannot form the basis of an access-to-the-courts retaliation complaint." *Lewis v. Guillot*, 583 F. App'x 332, 333 (5th Cir. 2014); *Johnson v. Rodriguez,* 110 F.3d 299, 311 (5th Cir. 1997). The plaintiff must identify the nonfrivolous, arguable underlying claim. *See Christopher*, 536 U.S. at 415.

The plaintiff in this case has, at most, only been delayed in his ability to file a potential lawsuit. Any potential claim is premature at this stage. Further, plaintiff has failed to state any harm associated with this temporary delay. Moreover, plaintiff has failed to identify any nonfrivolous claim or any associated prejudice.

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **28** day of **July, 2017.**

_____
Ron Clark, United States District Judge